THE STATE v. SCOTT, et al.

The statement, indorsed on an indictment for trespass on personal property, that it was found on the testimony of several persons—naming them—whose property was not injured, and signed by the prosecuting attorney, though not a literal is a substantial compliance with the statute.

*Appeal from Yell Circuit Court.*

HON. THOMAS BOLES, Circuit Judge.

JORDAN, Attorney General, for the State.

CLENDENIN, J.

The defendants were indicted in the circuit court for a trespass on personal property. They moved to quash the indictment, because the name of the prosecutor was not indorsed on the indictment, and because it was not stated at the end of the indictment that the same is found upon the testimony of a witness other than the owner of the property injured, and signed by the prosecuting attorney. The motion to quash was sustained, the indictment quashed, and the defendant discharged. To this judgment of the circuit court the State excepted, and incorporated in her bill of exceptions, the indictment and motion to quash, and appealed.

Section 89, chapter 52, Digest of Arkansas, declares that: " No indictment for any trespass on the person or property of another, not amounting to a felony, shall be preferred, unless the name of the prosecutor be indorsed thereon, except on the information or knowledge of one or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty, or on the testimony of some witness, other than the party injured; in which case, a statement of the fact shall be made at the end of the indictment, and signed by the attorney for the State."

It is a requirement of the law, that the name of the prose-
cutor shall be indorsed on the indictment, or that the names
of the witnesses upon whose testimony it was found, other
than the party injured, shall be stated, and that a statement of
the fact shall be made at the end of the indictment ; and the
question is presented by the record, whether it has been done.
In a literal sense it has not ; because the name of the prose-
cutor is not indorsed, nor is the statement required made, at
the end of the indictment; but we learn from the bill of excep-
tions, that the statement, " this indictment is found on the
testimony of W. C. Scott, *et al.*, persons whose property was
not injured," and " signed by the prosecuting attorney," was
indorsed on the back of the indictment. This indorsement
was, we think, a substantial compliance with the statute, and
the indictment, therefore, was sufficient, and the motion to
quash was improperly sustained by the circuit court, and for
this error the judgment of that court must be reversed.